1  WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monica Rae Eldredge, | No. CV-16-02933-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's appeal of Defendant's denial of her claim for social security disability benefits. Plaintiff argues that the Administrative Law Judge ("ALJ") erred in denying her claim for benefits in four ways: 1) the ALJ failed to give adequate reasons for rejecting the opinion of Plaintiff's treating neurologist, Dr. Patterson; 2) the ALJ posed the wrong question to the vocational expert ("VE"); 3) the examining and non-examining physicians, upon whose opinions the ALJ relied, did not have relevant medical records; and 4) the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony regarding her symptoms and limitations. (Doc. 9 at 1). The Court will address each of these claims of error below.

**I.   Review of ALJ Decision**

The ALJ's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quotation omitted). "Substantial evidence" means more than a mere scintilla, but less than a preponderance. *Reddick v. Chater*,

157 F.3d 715, 720 (9th Cir. 1998).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citation omitted). In determining whether there is substantial evidence to support a decision, the Court considers the record as a whole, weighing both the evidence that supports the ALJ's conclusions and the evidence that detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720. "Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Gallant*, 753 F.2d at 1453 (citations omitted); *see Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is because "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before the Court, substantial evidence supports the ALJ's decision, the Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). On the other hand, the Court "may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quotation and citation omitted).

Finally, the Court is not charged with reviewing the evidence and making its own judgment as to whether Plaintiff is or is not disabled. Rather, the Court's inquiry is constrained to the reasons asserted by the ALJ and the evidence relied on in support of those reasons. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

**II.     Issues on Appeal**

Because some of the errors on appeal argued by Plaintiff build on each other, the Court will not take them in the order presented by Plaintiff.

**A. Whether the Examining and Non-examining Physicians had Substantial Evidence to Consider in Forming their Opinions**

Plaintiff dedicates one sentence of her brief to this argument, which is "The ALJ gave the opinions of Dr. Boatman and Bargan significant weight, their opinions cannot constitute substantial evidence to support the Decision because they did not have any treatment evidence to consider." (Doc. 9 at 23). Plaintiff cites "fn 2, 20" to support this argument.

Preliminary, the Court cannot decipher Plaintiff's citation. Footnote 2 of Plaintiff's brief does not reference this topic. The brief does not have a footnote 20. The ALJ's opinion has no footnotes. Thus, Plaintiff has made an argument with no factual or legal support.

The Court has reviewed the ALJ's decision, which states "Significant weight is further afforded to the January 2013 and July 2013 physical assessments of State disability physicians, Dr. Bargan and Dr. Boatman who, after review of the medical record, assessed the claimant capable of…." (Doc. 8-3 at 31).[1] The ALJ then listed the doctor's conclusions about claimant's ability to work in light of "the medical record as a whole." *Id.* The Court has no reason to believe the ALJ or the doctors are lying when the record states that they reviewed the entire medical record. Further, Plaintiff is claiming she has been disabled since April of 2008, so by the 2013 assessments, there was a medical record to review. The Court is unclear as to the exact "treatment evidence" that Plaintiff now complains the doctors did not have the benefit of; however, the Court finds that given Plaintiff's alleged onset date of 2008, assessments in 2013 are adequate to review her medical record and constitute substantial evidence. Accordingly, the ALJ did not commit error in this regard.

**1. Dr. Starace**

Under this same heading, but seemingly completely unrelated to the above

---

[1] Citations to the ALJ's opinion are to the page numbers in this Court's record, not the ALJ's internal numbering.

argument, Plaintiff argues that although the ALJ claimed to be giving significant weight to the 2011 assessment of State agency physician Dr. Starace, the ALJ failed to give adequate reasons for not incorporating all of Dr. Starace's limitations. (Doc. 9 at 23-24). Plaintiff has not cited, and the Court has not located, any law that requires the ALJ to give explicit reasons for rejecting all or part of a State agency physician's opinion.

Moreover, as Defendant notes, the ALJ's residual functional capacity almost mirrors the limitations found by Dr. Starace. (Doc. 13 at 8). Therefore, this argument also fails as a matter of fact because the ALJ did include Dr. Starace's limitations. Accordingly, the ALJ did not commit error in this regard.

### B. Claimant's Subjective Symptom Testimony

Plaintiff argues the ALJ failed to give clear and convincing reasons for finding claimant's symptom testimony not credible. (Doc. 9 at 24). Defendant argues the ALJ did not commit error because the ALJ gave clear and convincing reasons for not finding Plaintiff's symptom testimony regarding the severity of her symptoms to be credible. (Doc. 13 at 9, 8-17). Defendant also argues that even if the Court found one of the ALJ's reasons improper, the Court should nonetheless affirm the decision because finding only one reason improper would be harmless error given that Plaintiff did not appeal all of the reasons given by the ALJ. (Doc. 13 at 9-10).

The ALJ gave the following reasons for not finding Plaintiff's symptom testimony credible:

- The medical records failed to demonstrate the presence of any pathological clinical signs, significant medical findings, or any neurological abnormalities that establish pain or symptoms of the such severity as to prevent working; thus, the ALJ said he "must conclude" Plaintiff exaggerates her physical and mental symptoms (Doc. 8-3 at 24);
- Plaintiff's description of her daily activities is inconsistent with her symptom testimony; specifically Plaintiff maintains her own personal care and hygiene; lives with her boyfriend and cooks, cleans, does light

household chores, shops, uses public transportation, watches television, reads, plays board games, takes walks, has no issues paying attention, and finishes what she starts (Doc. 8-3 at 24);

- Plaintiff has a somewhat normal level of daily interactions including calling her grandmothers, living with her boyfriend, shopping for groceries, attending AA meetings at her church, and using public transportation (Doc. 8-3 at 22, 24);

- As part of Plaintiff's daily activities after her alleged onset date, Plaintiff worked, although not at the substantial gainful activity level, which indicates a greater level of daily activity than Plaintiff self-reported (Doc. 8-3 at 24-25);

- Plaintiff has not sought medical care at a level that one would expect of someone with the symptoms Plaintiff claims; specifically, Plaintiff did not seek specialized neurological care between her alleged onset date in 2008 and 2013 (while claiming disabling cognitive issues); Plaintiff never sought mental health treatment (while claiming disabling anxiety and depression); Plaintiff has also had significant gaps in treatment (for example not seeking her neurologist for almost one year between visits); and Plaintiff has had poor compliance with the doctor's recommended therapy or treatment (for example 2011 treatment records encourage Plaintiff to quit drinking, but the record shows she continued drinking through at least 2012) (Doc. 8-3 at 25);

- Plaintiff's seizures were controlled with anti-seizure medication (Doc. 8-3 at 25);[2] and

- Plaintiff's credibility was diminished by the fact that the medical records show that Plaintiff told various treatment providers substantially

---

[2] Plaintiff does not challenge the accuracy of this finding; however, she argues that her seizures are not the basis of her alleged disability. Thus, the Court has not considered this reason.

inconsistent statements about her alcohol use (Doc. 8-3 at 25-26).

The Court finds that the all of these reasons offered by the ALJ provide clear and convincing reasons to discount Plaintiff's credibility. First, the lack of supportive clinical evidence is a clear and convincing reason to discount claimant's credibility. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). Here, Plaintiff argues that the record shows supportive clinical evidence; therefore, the ALJ is factually incorrect. (Doc. 9 at 24-25). However, the ALJ is correct that there is no clinical evidence to support symptoms of the severity Plaintiff claims.

Next, the inconsistencies between Plaintiff's daily activities and her symptom testimony is a clear and convincing reason to discount Plaintiff's credibility. *See Tommasetti v. Astue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Plaintiff does not dispute the ALJ's finding in this regard as a claim of error on appeal.

Further, Plaintiff's failure to seek or comply with treatment as would be expected of someone with Plaintiff's claimed symptoms can be a clear and convincing reason to discount Plaintiff's credibility. *Id.* In a footnote, Plaintiff argues that such reason should not be a clear and convincing reason in this case because claimant's mental health or neurological issues might be a basis for her failing to seek or comply with treatment. (Doc. 9 at 25 n. 17). However, Defendant notes that the Court of Appeals has stated that a mental medical condition overcomes Plaintiff's failure to seek or follow treatment as a valid reason to discredit her symptom testimony only if there is evidence in the record that the failure to seek or follow treatment was due to the medical condition. (Doc. 13 at 13 (citing *Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012))). Plaintiff does not address *Molina* in her Reply, and instead argues the ALJ cannot pick and choose among parts of the medical record. (Doc. 14 at 6). Applying *Molina*, the Court find that in this case there is no evidence in the record that Plaintiff's failure to seek or follow treatment was due to a mental medical condition, and Plaintiff's argument to the contrary is

speculation. Accordingly, this reason given by the ALJ is a clear and convincing reason to discredit Plaintiff's symptom testimony.

Finally, Plaintiff not being honest with her doctors about her alcohol use is a reason to discount Plaintiff's credibility about her symptoms. *Tommasetti*, 533 F.3d at 1039 (ALJ may find Plaintiff not credible if she has made prior inconsistent statements or otherwise appears less than candid). Plaintiff does not argue on appeal that this finding by the ALJ was not a clear and convincing reason to discount Plaintiff's credibility.

Based on all of the foregoing, the Court concludes the ALJ gave clear and convincing reasons to not fully credit Plaintiff's symptom testimony. Therefore, the ALJ did not commit error in not fully crediting Plaintiff's symptom testimony.

### C. Treating Physician – Dr. Patterson

Plaintiff argues that the ALJ failed to give specific and legitimate reasons, supported by substantial evidence, to reject the opinion of treating physician, Dr. Patterson. (Doc. 9 at 19 (citing *Garrison v. Colvin*, 759 F.3d 995 at 1009 (9th Cir. 2014)). Defendant responds and notes that Dr. Patterson's opinion is contradicted by 7 other doctors' opinions in the record (Doc. 13 at 4 n. 1) and agrees with Plaintiff that the specific and legitimate reasons supported by substantial evidence standard applies. (Doc. 13 at 3). However, Defendant argues that the ALJ gave specific and legitimate reasons supported by substantial evidence to reject Dr. Patterson's opinion. (Doc. 13 at 3-7).

The ALJ gave 9 reasons for giving no weight to Dr. Patterson's opinions; specifically:

- the opinions are not consistent with the medical records;
- the opinions are not supported by the doctor's own clinical and laboratory findings;
- the opinions are based on the claimant's subjective complaints rather than any objective evidence;
- Dr. Patterson had a short-term and sporadic treatment relationship with claimant, including a significant gap in treatment of almost one year;

- the opinions do not recognize that claimant's seizures are controlled by medication;
- the opinions do not consider that claimant continues to drink alcohol;
- the opinions are contradicted by 7 other doctors and the other doctors' opinions are supported by medically acceptable clinical and laboratory findings and are consistent with the medical record as a whole;
- Dr. Patterson rendered opinion's outside her area of expertize;[3] and
- the limitations found by Dr. Patterson are inconsistent with claimant's self-reported activities of daily living.

(Doc. 8-3 at 30).

Plaintiff does not argue that these proffered reasons are not specific and legitimate reasons to reject the opinion of a treating physician. Instead, Plaintiff argues that these reasons are not supported by substantial evidence of record.

The Court has reviewed the record as a whole and finds that each of the ALJ's reasons is supported by substantial evidence of record. For example, turning to the ALJ's third reason, the ALJ may give little weight to the opinion of a treating physician if it is based on claimant's subjective symptom testimony if that testimony has been properly discredited. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, the ALJ gave little weight to Dr. Patterson's opinions because, since Dr. Patterson performed no objective tests, her opinions were based only on Plaintiff's self-reported symptoms. (Doc. 8-3 at 30).

By way of further example, Plaintiff argues that the ALJ's eighth reason — the doctor gave an opinion outside her area of expertise — was inadequate because "The doctor is uniquely qualified to opine regarding the functional limitations Plaintiff's [traumatic brain injury] causes." (Doc. 9 at 21). Plaintiff cites nothing in support of this argument (other than two footnotes in her own brief that are not relevant to Dr.

---

[3] For example, Dr. Patterson is a neurologist (Doc. 9 at 21), but opined about Plaintiff's mental illness and how it is impacted by stress (Doc. 9 at 23).

Patterson's qualifications). The ALJ is responsible for resolving conflicts in the medical testimony, and this Court cannot substitute its judgment for that of the ALJ (*Matney,* 981 F.2d at 1019); and more to the point, this Court cannot override the ALJ's determination of Dr. Patterson's area of expertise based on Plaintiff's unsupported assertion about Dr. Patterson's unique qualifications.

Accordingly, because the Court finds that all 9 reasons given by the ALJ were specific and legitimate reasons supported by substantial evidence of record to reject the opinion of the treating physician, the Court finds the ALJ did not commit error in giving no weight to Dr. Patterson's opinion.

### D. Plaintiff's Residual Functional Capacity

Plaintiff argues that the ALJ failed to include two limitations of Plaintiff in posing the hypothetical to the VE about Plaintiff's ability to work. (Doc. 9 at 22-23). Plaintiff argues that the ALJ should have expressly included: 1) a limitation of a .3 percentile of efficiency in processing speed/pace; and 2) Plaintiff's functioning under stress. (Doc. 14 at 5).

Turning to stress first, any limitation based on stress would be founded in Dr. Patterson's opinion, which the Court has already concluded the ALJ properly rejected. Regarding Plaintiff's low processing speed, the ALJ included limitations that Plaintiff should avoid all use of hazardous machinery. (Doc. 8-3 at 23). Further, the ALJ limited Plaintiff to simple work procedures and instructions. (*Id*.) The ALJ also included that Plaintiff was limited to simple work related decisions and responding to only basic work setting changes and only with supervision that is direct and concrete. (*Id*.). Given Plaintiff's daily activities, Plaintiff fails to show that these limitations found by the ALJ are inadequate to account for Plaintiff's low processing speed/pace. Therefore, the Court finds the ALJ did not commit error in determining Plaintiff's limitations for purposes of her residual functional capacity.

### E. Waived Arguments

In a footnote at the end of her brief Plaintiff states, "The ALJ also rejected the

third party statements of treating and lay witnesses that supported Plaintiff's claims without complying with SSR 06-03p …." (Doc. 9 at 24 n 16). The Court does not know who the third-party-treating witnesses or the third-party-lay witnesses are about whom Plaintiff complains. Because Plaintiff failed to advance sufficient facts or law for the Court to actually rule on this argument, the Court deems it waived on appeal. *See NW Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1996).

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the decision of the ALJ is affirmed and the Clerk of the Court shall enter judgment accordingly.[4]

Dated this 24th day of August, 2017.

_____
James A. Teilborg
Senior United States District Judge

---

[4] To the extent a mandate is required, the judgment shall serve as the mandate.